REISSUED FOR PUBLICATION
NOV 30 2021
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: October 18, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| BENJAMIN KANE, | * | No. 21-731V |
| Petitioner, | * | Special Master Sanders |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Dismissal; Failure to Prosecute |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

Benjamin Kane, *pro se*, Amesbury, MA, for Petitioner.
Lara A. Englund, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 12, 2021, Benjamin Kane ("Petitioner") filed a *pro se* petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered on February 29, 2020. Pet. at 1, ECF No. 1.

On February 19, 2021, I ordered Petitioner to file his medical records and a statement of completion by April 20, 2021. Initial Order at 1, ECF No. 9. Petitioner missed this deadline. My Chambers emailed Petitioner regarding his missed deadline on May 21, 2021, June 2, 2021, and June 11, 2021. Informal Comms., docketed May 21, 2021, June 2, 2021, and June 11, 2021. Petitioner did not respond to these emails. On August 31, 2021, my Chambers left a voicemail for Petitioner and asked that he confirm receipt of the emails by September 3, 2021. Informal Comm., docketed Aug. 31, 2021. Petitioner did not confirm receipt of the emails or otherwise contact Chambers by September 3, 2021.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On September 8, 2021, I ordered Petitioner to file his medical records and a statement of completion by October 8, 2021, and informed him that he must file his medical records before his case can proceed. Scheduling Order at 1, ECF No. 11. I noted that Petitioner had already had 201 days to file his medical records and statement of completion. In light of this amount of time and Petitioner's failure to respond to Chambers' inquiries, I told Petitioner that failure to comply with his October 8, 2021 deadline would result in dismissal of his case for failure to prosecute. *Id.* Petitioner missed his October 8, 2021 deadline and has not contacted Chambers.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now had 241 days to file his medical records and statement of completion. He has had 40 days to respond to my September 8, 2021 scheduling order. Moreover, Petitioner has not submitted any filing or communicated with Chambers since he filed his petition and motion to proceed *in forma pauperis* on January 12, 2021. Petitioner's continued failure to submit his medical records and statement of completion, and to communicate with Chambers, indicates a disinterest in pursuing his claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders  
Herbrina D. Sanders  
Special Master